IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **SHANE JASON WOODS,** | : | |
| Defendant | : | **18 U.S.C. § 111(a)(1) (Assault on a Law** |
| | : | **Enforcement Officer** |
| | : | **18 U.S.C. § 113(a)(4) (Assault in Special** |
| | : | **Maritime and Territorial Jurisdiction)** |
| | : | **18 U.S.C. § 231(a)(3) (Obstruct, Impede, or** |
| | : | **Interfere with Law Enforcement During** |
| | : | **Civil Disorder)** |
| | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Restricted Building or Grounds)** |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restrict Building or Grounds)** |
| | : | **18 U.S.C. §§ 1752(a)(4)** |
| | : | **(Engaging in Act of Physical Violence in** |
| | : | **Restricted Building or Grounds)** |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Violent Entry or Disorderly Conduct)** |
| | : | **40 U.S.C. §§ 5104(e)(2)(F)** |
| | : | **(Act of Physical Violence on Grounds)** |
| | : | |

**GOVERNMENT'S MOTION TO SEAL THE ARREST WARRANT, CRIMINAL COMPLAINT AND RELATED DOCUMENTS AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrants are executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof,

1

the government states as follows:

1. The United States is investigating allegations that Shane Woods willfully and knowingly entered the area in proximity to the United States Capitol on January 6, 2021, without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 1752(a)(1), (2), and (4), and 40 U.S.C. §§ 5104(e)(2)(D) and (F). The Government is also investigating allegations that Shane Woods engaged an assault by striking, beating, or wounding, within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(4). The government is also investigating allegations that Shane Woods committed, or attempted to commit, an act to obstruct, impede, or interfere with a law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder, in violation of 18 U.S.C. § 231(a)(3), and that Shane Woods forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with any United States law enforcement officer while the officer was engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(1).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including the use of a digital device in furtherance of the crime. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which also may lead to the destruction of evidence in other locations including the digital devices associated with the defendant. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999),

there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

      3.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant is not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

      4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest the defendant. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

By:   s/*Jennifer Leigh Blackwell*
Jennifer Leigh Blackwell
D.C. Bar No. 481097
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 803-1590
jennifer.blackwell3@usdoj.gov