# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| v. | ) ) | Case No. 21-cr-476 (APM) |
| **SHANE JASON WOODS,** | ) ) ) | |
| Defendant. | ) ) | |

## PRETRIAL ORDER

Trial is set to commence in this matter on **September 19, 2022, at 9:30 a.m.**, in **Courtroom 10**. The following deadlines shall govern pre-trial proceedings:

1. The parties shall file any motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)–(D) on or before **July 11, 2022**; oppositions shall be filed on or before **July 25, 2022**; and replies shall be filed on or before **August 1, 2022**. The court will schedule a hearing on Rule 12 pretrial motions, if necessary.

2. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **August 8, 2022;** any reciprocal expert disclosure by Defendant pursuant to Rule 16(b)(1)(C) shall be made by **August 15, 2022.**

3. The United States shall notify Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed on or before **August 15, 2022**.

4. Except where otherwise noted in this Pretrial Order, motions in limine shall be filed on or before **August 8, 2022**; oppositions shall be filed on or before **August 15, 2022**; and replies shall be filed on or before **August 22, 2022.** If the United States wishes to file a motion in limine with respect to any defense expert, it may do so

   by filing a motion by **August 22, 2022;** any opposition to such motion shall be filed by **August 29, 2022.**

5.  Defendant shall satisfy his reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **August 22, 2022**. The court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **August 29, 2022**; any opposition to such motion shall be filed by **September 5, 2022.**

6.  On or before **September 5, 2022**, counsel shall file a Joint Pretrial Statement that contains the following:

  a. <u>Proposed voir dire questions</u>. The parties shall identify any additional requested voir dire questions not already contained in the jury questionnaire.

  b. <u>A neutral statement of the case</u>. The parties shall include a neutral statement of the case for the court to read to prospective jurors.

  c. <u>Proposed jury instructions</u>. The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. The parties need not submit the full text of any standard jury instruction, but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the

       proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

    d. <u>List of witnesses</u>.  The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief.  Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness' identity.

    e. <u>Exhibit lists</u>.  The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief.  The parties need not list any exhibit that might be used for purposes of impeachment.  The parties should confer with Courtroom Deputy Jean Claude about the format of the exhibit list.  The parties *should not* provide a copy of the exhibits to the court, but must exchange pre-marked exhibits.  The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.  The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

    f. <u>Stipulations</u>.  The parties shall submit a draft of all stipulations.

    g. <u>Proposed verdict form</u>.  The parties shall include a draft verdict form, including any special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

7. In addition to filing the Joint Pretrial Statement on **September 5, 2022**, the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the

       verdict form by email to the Courtroom Deputy Jean Claude Douyon at Jean-Claude_Douyon@dcd.uscourts.gov

8.     The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **September 9, 2022.** Any *Brady* material not already disclosed also must be disclosed by this date.

9.     Counsel shall appear on **September 9, 2022**, at 2:00 p.m., in Courtroom 10 for a Pretrial Conference.

 

                                                                                                   Amit P. Mehta

Date:  February 20, 2022                            United States District Court Judge