UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-cr-476-APM |
| : | |
| SHANE JASON WOODS, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTIONS IN LIMINE TO PRECLUDE
CERTAIN DEFENSE ARGUMENTS AND EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following motions in *limine* to preclude the following defense arguments and admission of evidence during trial in this case.

1. **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol**

The government moves in *limine* to prohibit the defendant from making arguments or attempting to introduce non-relevant evidence that former President Trump gave permission for the defendant to attack the U.S. Capitol.

"To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Howell, C.J.) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018).

In *Chestman*, Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant charged, like defendant here, with, *inter alia,* violations of 18 U.S.C. § 231(a)(3). That reasoning would apply fully to a similar defense presented by defendant:

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol. Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.
>
> \* \* \* \*
>
> Setting aside the question of whether such a belief was reasonable or rational, [precedent] unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute "a waiver of law" beyond his or her lawful authority…. Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by advising them that their conduct is lawful, in dereliction of his constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. That proposition is beyond the constitutional pale, and thus beyond the lawful powers of the President.
>
> Even more troubling than the implication that the President can waive statutory law is the suggestion that the President can sanction conduct that strikes at the very heart of the Constitution and thus immunize from criminal liability those who seek to destabilize or even topple the constitutional order. In addition to his obligation to faithfully execute the laws of the United States, including the Constitution, the President takes an oath to "preserve, protect and defend the Constitution." U.S. Const. art. II, § 1, cl. 8.

*Chrestman*, 525 F. Supp. 3d 14, 32–33 (some internal punctuation omitted).

Nor can there be any reasonable claim that President Trump intended to or actually authorized the defendant's particular criminal conduct. The defendant, as he told his friends over messages on January 6, 2021, he "stormed the grounds past the gates." After storming past the gates, police, and wading through the mayhem, the defendant assaulted a law enforcement officer by pushing her to the ground. He then committed a second assault when he tackled a member of the news media, causing him to fall to the ground. The defendant later bragged to his friend that he, "Stormed the capitol . . . And destroyed cnn cameras."

"[E]ntrapment by estoppel is a defense rather than an evidentiary objection and, accordingly, should have been raised prior to trial." *United States v. Colon Ledee*, 967 F. Supp. 2d 516, 520 (D.P.R. 2013). At the very least, the government requests the Court to inquire before trial if the defendant intends to either advance a defense of entrapment by estoppel or present any argument or evidence, the purpose of which would be to support such a defense. If the answer is anything but an unqualified "no," the Court should direct the defendant to make an offer of proof of such evidence and articulate why the defense is legally tenable notwithstanding Chief Judge Howell's explanation that it could not be. Absent an express ruling by the Court permitting such evidence or argument, the Court should prohibit the defendant from making arguments or attempting to introduce evidence that former President Trump authorized the defendant's conduct at the Capitol.

2. **This Court Should Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial**

The defendant should be prohibited from making arguments or attempting to introduce non-relevant evidence that encourages jury nullification. As the D.C. Circuit has made clear,

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). Evidence that only serves to support a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant").

The government has identified the following subject areas, which are not relevant to the issues under consideration by the jury and could serve as an improper invitation for the jury to

3

nullify its fact-finding and conclusions under the law.

The defendant may claim that he has been unfairly singled out for prosecution because of his political views, and that—at the very least—his conduct does not merit felony charges. But a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Regardless of whether alleged discrimination based on political views is a proper basis for challenging the indictment—which the defendant has not claimed to date—it has no place in a jury trial. *See United States v. King*, No. CR-08-002-E-BLW, 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009) ("The Court will therefore exclude any evidence or argument as to selective prosecution at trial."); *United States v. Kott*, No. 3:07-CR-056 JWS, 2007 WL 2670028, at *1 (D. Alaska Sept. 10, 2007) (where defendant, in response to government's expressed concern that defendant might use challenged evidence to claim selective prosecution at trial, the defendant "abjured any effort to" to make such a claim, "[t]he court will enforce that promise").

The defendant may face significant prison time were he to be found guilty in this case. The government will request that the Court give a commonplace instruction that the jury should not concern itself with a possible sentence in the event of a conviction. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("quoting *Rogers v. United States*, 422 U.S. 35, 40 (1975), "It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"); *see also United States v. Feuer*, 403 F. App'x 538, 540 (2d Cir. 2010) (unpublished). Defendant should not be permitted to arouse the jury's sympathy by introducing any evidence or attempting to argue about the possible sentence in this case. These circumstances have no bearing on the defendant's guilt and invite jury nullification. *See United States v. Bell*, 506 F.2d 207, 226 (D.C. Cir. 1974) ("evidence which has the effect of inspiring sympathy for the defendant or for the victim … is prejudicial and

inadmissible when otherwise irrelevant") (internal citation omitted); *United States v. White*, 225 F. Supp. 514, 519 (D.D.C 1963) ("The proffered testimony (which was clearly designed solely to arouse sympathy for defendant) was thus properly excluded.").

   3. **This Court Should Preclude the Defendant from Arguing Self Defense or Defense of Others**

The defendant has not raised a claim of self-defense or defense of others, but if he does, such argument should be precluded. To establish a prima facie case of self-defense, the defendant must make an offer of proof of "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006). "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." *United States v. Cramer*, 532 Fed.Appx. 789, 791 (9th Cir. 2013) (citing *United States v. Bailey*, 444 U.S. 394, 415 (1980)).

Here, the defendant will not be able to present any evidence of a reasonable belief that his actions were necessary to defend himself or another against the immediate use of unlawful force. The defendant's own actions undermine any claim that he had a reasonable belief that he was engaged in an act of defending himself or another. For example, the defendant moves towards his victims before tackling them. His unsuspecting victims have no prior interaction with him before the defendant assaults them. And, after committing his first assault, the defendant remained on Capitol grounds. There is no evidence or statements to support the claim that the defendant was engaged in conduct that he reasonably believed was *necessary* to protect himself or others against unlawful force.

Through his actions the defendant made plain his intent. The Court should exclude any testimony and evidence purporting to assert a claim of self-defense.

## CONCLUSION

Motions in *limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). The government presents these issues to the Court in an effort to prepare this case for an efficient trial. For the reasons set forth herein, the United States respectfully requests that this Court grant the government's motions in *limine* no. 1 through 3, as set forth herein.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By: /s/ *Brian Brady*
Brian Brady
Trial Attorney, Department of Justice
DC Bar No. 1674360
1301 New York Ave. N.W., Suite 800
Washington, DC 20005
(202) 834-1916
Brian.Brady@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

*/s/ Brian Brady*
Brian Brady
Trial Attorney