UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-cr-476-APM |
| | : | |
| SHANE JASON WOODS, | : | |
| | : | |
| Defendant. | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Pretrial Order, filed February 20, 2022 (ECF No. 25), the parties hereby jointly submit this pretrial statement.

**I.    Proposed Voir Dire Questions**

a.  Do you live outside of the District of Columbia?

b.  Do you live or work at or near the U.S. Capitol Building?

c.  Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

d.  Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021? If yes, how many times have you seen videos, in whole or in part, and from what source (e.g. website, news channel, or social media platforms)?

e.  Do you know or are you acquainted with the defendant in this case, Shane Jason Woods?

f.  Have you seen or heard anything in the news or elsewhere about Mr. Woods?

g.  Have you ever watched video of this defendant from January 6, 2021, on the news or on the Internet? If yes, how many times have you seen videos of the defendant, in whole or in part, on TV or on the internet? (1 time, 2-3 times, 4-5 times, 6 or more times).

h.  Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021?

i.  Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, such that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case?

j.  Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case?

k.  Do you have a Facebook account?

l.  The government is represented in this case by Assistant United States Attorneys Brian Brady and Michael Gordon. (Please have them stand and introduce themselves.) They are assisted by Special Agent Christian Roccia. Do you know Mr. Brady, Mr. Gordon, or Mr. Roccia?

m.  Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia?

n.  Mr. Woods is represented in this case by Dwight Crawley, along with his investigator David Jones. (Please have them stand and introduce themselves.) Do you know Mr. Crawley or Mr. Jones?

o.  (Introduce courtroom personnel.) Do you know or are you acquainted with any of these individuals?

p.  Are you related to, or acquainted with, any one of the following witnesses that the government may call? (Please have government read list of witnesses.)

q.  Are you related to, or acquainted with, any one of the following witnesses that the defendant may call? (Please have defense read list of witnesses.)

r.  There are many people on this jury panel. Do you recognize another member of the panel as being a relative, close friend, or associate?

s.  I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer. Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction?

t.  The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant. While it is a strict and heavy burden, it is not an impossible burden. The government, for example, is not required to prove guilt beyond all doubt. Would anyone hold the government to a higher burden than beyond a reasonable doubt?

u.  All defendants have constitutional right not to testify, and if Mr. Woods decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

v.  Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules. Will you have any difficulty following my legal instructions, whatever they may be?

w.  If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any

2

newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case.  You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

**The next four questions relate to you, members of your immediate family, and close personal friends.**

x.  Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency.  This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police.  It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

y.  Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, or worked in a law office?

z.  Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations?

aa. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

bb. Has anyone in this group testified in court before?

cc. Have you had any experience as a grand juror or trial juror?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

dd. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment.  The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any.  Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

ee. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing, if any.)  Would any of you be uncomfortable serving as a juror with these safety protocols in place?

ff. Do you have any health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

  gg. Do you have any difficulty speaking, reading, writing, or understanding the English language?

  hh. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case by returning a verdict of guilty?

  ii. We expect the presentation of evidence in this case to conclude late this week. After the close of evidence, the jury will deliberate until it reaches a decision. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

  jj. My final question is a catchall question. Are there any other reasons that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

## II. Neutral Statement of the Case

In this trial, you will learn that on January 6, 2021, Congress convened at the United States Capitol building to certify the 2020 Electoral College vote for president. Access to the grounds of the Capitol, and the building itself, was restricted.

The government alleges that Mr. Shane Woods was unlawfully present in that restricted area on January 6, 2021, along with thousands of others, and that while there he committed two specific acts. First, the government alleges that Mr. Woods intentionally struck United States Capitol Police Department Officer Jillian Funkhouser. Second, the government alleges that Mr. Woods intentionally struck a member of the news media named Gershon Peaks. The government further alleges that these alleged acts by Mr. Woods impacted certain other people, businesses, and government functions.

Based on this alleged conduct, the government has charged Mr. Woods with eight crimes:

1. First, Mr. Woods is charged with obstructing, impeding, or interfering with Officer Jillian Funkhouser during the commission of a civil disorder, which adversely affected interstate commerce or a federally protected government function.

2. Second, he is charged with striking, beating, or wounding Gershon Peaks on United States Capitol grounds.

3. Third, Mr. Woods is charged with assaulting, resisting, or impeding Officer Funkhouser while she was performing her official duties.

4. Fourth, he is charged with being unlawfully present on restricted Capitol grounds.

5. Fifth, he is charged with engaging in disorderly and disruptive conduct on restricted Capitol grounds that impeded or disrupted government functions.

6. Sixth, he is charged with engaging in physical violence in a restricted area within the United States Capitol or its grounds.

7. Seventh, he is charged with engaging in physical violence within the United States Capitol grounds.

8. Eighth, he is charged with assaulting Gershon Peaks on or within the United States Capitol grounds.

Mr. Woods has pleaded not guilty to all charges.

### III. Proposed Jury Instructions

The full text of the jury instructions for Counts One through Eight is attached. The following are a list of standard jury instructions requested by both parties:

A. 2.100 Furnishing the Jury with a Copy of the Instructions

B. 2.101 Function of the Court

C. 2.102 Function of the Jury

D. 2.103 Jury's Recollection Controls

E. 2.104 Evidence in the Case—Judicial Notice & Stipulations

F. 2.105 Statements of Counsel

G. 2.106 Indictment Not Evidence

H. 2.107 Burden of Proof—Presumption of Innocence

I. 2.108 Reasonable Doubt

J. 2.109 Direct and Circumstantial Evidence

K. 2.110 Nature of Charges Not to Be Considered

L. 2.111 Number of Witnesses

M. 2.112 Inadmissible and Stricken Evidence

N. 1.105 Notetaking by Jurors

O. 2.200 Credibility of Witnesses

P. Preparation of Witness (see attached)

Q. 2.207 Police Officer's Testimony

R. 2.208 Right of Defendant Not to Testify

S. 2.209 Defendant as Witness

T. 2.216 Evaluation of Prior Inconsistent Statement of a Witness

U. 2.305 Statements of the Defendant – Substantive Evidence

V. 2.402 Multiple Counts—One Defendant

W. 2.405 Unanimity

X. 3.101 Proof of State of Mind

Y. Count One: Civil Disorder (Violation of 18 U.S.C. § 231(a)(3)) (see attached)

Z. Count Two: Striking, Beating, and Wounding within the Territorial Jurisdiction of the United States (Violation of 18 U.S.C. § 113(a)(4))

AA. Counts Three: Assault, Resisting, or Impeding Certain Officers (Violation of 18 U.S.C. § 111(a)(1)) (see attached)

BB. Count Four: Entering and Remaining in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(1)) (see attached)

CC. Count Five: Disorderly Conduct in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(2)) (see attached)

DD. Count Six: Engaging in Physical Violence in a Restricted Building or Grounds (Violation of 18 U.S.C. § 1752(a)(4)) (see attached)

EE. Count Seven: Act of Physical Violence in the Capitol Grounds (Violation of 40 U.S.C. § 5104(e)(2)(F)) (see attached)

FF. Count Eight: Simple Assault within the Territorial Jurisdiction of the United States (Violation of 18 U.S.C. § 113(a)(5)) (see attached)

GG. 2.407 Verdict Form Explanation

HH. 2.500 Redacted Exhibits

II. 2.501 Exhibits During Deliberations

JJ. 2.502 Selection of Foreperson

KK. 2.505 Possible Punishment Not Relevant

LL. 2.508 Cautionary Instruction on Publicity, Communication, and Research

MM. 2.509 Communication Between Court and Jury During Jury's Deliberations

NN. Jurors' Duty to Deliberate (see attached)

OO. 2.510 Attitude and Conduct of Jurors in Deliberations

PP. Delivering the Verdict (see attached)

QQ. 2.511 Excusing Alternate Jurors

### IV. List of Witnesses

The Government's Witnesses List will be filed separately on the docket.

The Defendant does not anticipate calling any witnesses.

### V. Exhibit Lists

The Government's Exhibit List will be filed separately on the docket.

The Defendant does not anticipate introducing any exhibits.

### VI. Stipulations

There are no agreed upon stipulations at this time.

**VII.    Proposed Verdict Form**

A Proposed Verdict Form will be filed separately on the docket.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

| | | |
|---|---|---|
| /s/ Dwight E. Crawley | By: | /s/ Brian D. Brady |
| Dwight E. Crawley | | Brian D. Brady |
| Law Office of Dwight E. Crawley | | Trial Attorney, Department of Justice |
| 1300 I St., NW, Suite 400E | | DC Bar No. 1674360 |
| Washington, DC 20005 | | 1301 New York Ave. N.W., Suite 800 |
| (202) 580-9794 | | Washington, DC 20005 |
| vadclawyer@gmail.com | | (202) 834-1916 |
| | | Brian.Brady@usdoj.gov |

/s/ Michael M. Gordon
Assistant United States Attorney
FL Bar No. 1026025
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
(813) 274-6370
michael.gordon3@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

/s/ Brian D. Brady
Brian D. Brady
Trial Attorney

/s/ Michael M. Gordon
Michael M. Gordon
Assistant United States Attorney
